# SUPERIOR COURT.

## SPRING SESSIONS.

### 1874.

JOHN DOE D. ELIAS SHOCKLEY v. RICHARD ROE Casual Ejector and MARY V. PARVIS *et al.* tenants in possession.

Land devised in fee upon condition that the devisee pays four hundred dollars to the estate of the testator, and not performed by him, will pass under the residuary clause of the will to the residuary devisees, and not as intestate property to the heirs at law of the testator.

EJECTMENT and case stated for forty-five acres of land in Cedar Creek Hundred, Sussex County, which were devised in the last will and testament of Wilson Shockley, deceased, as follows : Item. "I give and devise to my son John W. Shockley a certain piece of timbered land and cleared land (describing the metes and bounds of it particularly) I give and devise all the above mentioned land to my son John W. Shockley, his heirs and assigns forever, upon condition that he pays to my estate the sum of four hundred dollars lawful money of the United States of America." By the residuary clause in the will he gave to his four daughters, Mary Parvis, Anna Eliza Jefferson, Lydia J. Welch, Matilda Shockley and his son John W. Shockley, "all the residue of his estate that he had not devised and bequeathed, to them, their heirs and assigns

forever." The testator died in 1856 leaving the devisees named and six other children to survive him; his will was duly probated, and the devisee, John W. Shockley, died in April 1864, without having paid the four hundred dollars to his estate, leaving one son to survive him as his only heir at law. The action was at the suit of the heirs at law of Wilson Shockley, the testator, against the residuary devisees who claimed the land devised under the residuary clause of the will.

*Wales, J.,* delivered the opinion of the Court.

This is a conditional devise. The object of a condition in a deed or will is to avoid or defeat an estate if the condition shall not be performed or complied with. Such a condition may be either precedent or subsequent, according to the intention of the person who creates it, there being no technical words to distinguish one from the other. 1 *Powell on Devise,* 183. But the effect and operation of the two kinds of conditions are very different and important.

Precedent conditions must be literally performed, and even a Court of Chancery will never vest an estate when by reason of a condition precedent, it will not vest in law. 4 *Kent's Com.* 225. It cannot relieve from the consequences of a condition precedent unperformed. A precedent condition must take place or be performed before the estate can vest or be enlarged, and where a condition precedent becomes impossible to be performed, even though there be no default or laches on the part of the devisee himself, the devise fails. 2 *Pow. on Dev.* 261. On the other hand, a subsequent condition operates upon an estate already created and vested and renders it liable to be defeated; and if a condition subsequent be rendered impossible to be performed, the estate to which it is annexed becomes by that event absolute. 2 *Pow. on Dev.* 262.

It is not necessary in deciding this case to determine whether the condition upon which the devise was made to John W. Shockley was a precedent or subsequent one. It is an admitted fact that the condition was not fulfilled and either that the estate never vested in John, or, if it did vest in him, that by the non-performance of the condition during his life time the estate reverted to the heirs of the testator unless there is a limitation over to a third person, or a residuary clause in the will, broad enough in its terms to embrace it. But here is a residuary clause in the words "all the rest and residue of my estate that I have not devised or bequeathed," and there is no limitation over of the disputed tract upon the nonperformance of the condition. Assuming this to be a condition precedent, the estate remained in the testator, having never vested in John by the conditional devise, and, therefore, remaining undisposed of went into the residue of the estate that had not been already devised or bequeathed. If the condition is to be taken as a subsequent one, then the same result is reached by a different process of reasoning.

The condition is positive, requiring that the contemplated event, the payment of the four hundred dollars, should happen, and the entire interest in the estate did not pass from the testator, but the possibility of a reverter remained to him and his heirs and devisees ; 3 *Gray* 142, and there is no doubt, that a contingent or reversionary interest not otherwise disposed of will fall into the residue. Had there been no residuary clause the heirs at law would have been entitled to the possession as coparceners as in a case of intestacy, for the heir at law is not to be disinherited except by express words contained in the will or by necessary implication. The intent of the testator is always to be searched after and carried into effect when not contrary to the rules of law. But there is nothing in this will from which it can be inferred by the most partial construction that the testator designed to leave this tract of land to his heirs generally

in the event of the devise to John failing. If such had been his intention it would have been easy to find language to express it, but there are no words or phrases in the will directly or remotely implying such intention. An established rule of construction is "that when a testator in his will has given away all his estate and interest in certain lands so that if he were to die immediately nothing remains undisposed of, he cannot intend to give anything in these lands to his residuary devisees." *Morris v. Underdown, Willes. R.* 296. The converse of this proposition is equally true, that if the testator has not given away all his interest in the land so that if he were to die immediately something would remain undisposed of, it is to be presumed that he intended to give the remainder in such lands to the residuary devisee. The devise to John was of a conditional, not of an absolute fee. *Doe v. Scott* 3 *M. & S.* 30. 1 *Harr.* 524. There was something remaining undisposed of, namely, the contingent interest, the possibility of a reverter in the devisor which he might have disposed of to take effect upon the forfeiture of the estate, and not having specifically limited it over it went into the residue. The authorities are direct on this point. In *Hayden v. Stoughton,* 5 *Pick.* 528, a devise of land to a town for a school-house, provided it be built within one hundred rods of the place where the meeting-house stands, was held to be valid as a condition subsequent; and the vested estate would be forfeited and go over to the residuary devisee as a contingent interest, on noncompliance in a reasonable time with the condition. This decision is approved and followed in *Brigham v. Shattuck,* 10 *Pick.* 305. The same principle is recognized in *Van-Kleek v. The Reformed Dutch Church,* 6 *Paige Ch. Rep.* 600, where it was decided by Chancellor Walworth that a residuary devise of real estate carries to the residuary devisee not only the real estate in which no interest whatever is devised to others, but it also embraces reversionary and contingent interests which upon the events

contemplated by the testator are not wholly and absolutely disposed of except by such residuary devise.

Judgment for the defendants.

*Layton*, for the plaintiffs.

*McFee*, for the defendants.